UNITED STATES of America, Plaintiff-
Appellee,

v.

Robert JOHNS and Herman Lee Griffin,
Defendants-Appellants.

No. 30617.

United States Court of Appeals,
Fifth Circuit.

May 25, 1971.

J. Converse Bright, of Coleman, Blackburn, Kitchens & Bright, Valdosta, Ga., court appointed, for defendants-appellants.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before TUTTLE, WISDOM, and INGRAHAM, Circuit Judges.

PER CURIAM:

The defendants were indicted and convicted under the Travel Act, 18 U.S.C. § 1952, for travelling and causing others to travel in interstate commerce for the purpose of carrying on gambling operations illegal in the State of Georgia where the operations were conducted.

There was ample evidence that the defendants themselves travelled in interstate commerce in order to run the gambling operations. The trial judge charged the jury that the interstate travel aspect of the charge might be made out by proving either that the defendants themselves travelled in interstate commerce or that they caused patrons of their gambling establishment to travel in interstate commerce. Subsequent to this trial, the Supreme Court decided Rewis v. United States, 1971, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493. There the Court held that the interstate travel element of the offense could not be made out simply by showing that patrons of the illegal operation foreseeably travelled in interstate commerce, although "there may be occasional situations in which the conduct encouraging interstate patronage so closely approximates the conduct of a principal in a criminal agency relationship that the Travel Act is violated."

Contrary to the *Rewis* holding, therefore, the charge allowed the jury to find the defendants guilty on the basis of the interstate travel of the customers. The Supreme Court has held that a verdict must be set aside "where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." Yates

v. United States, 1957, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356, 1371. This principle requires that we reverse this case.

Because we reverse on this ground, we do not reach the appellants' other contentions.

The decision of the district court is reversed and this case is remanded for further proceedings.